IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 4:02-CR-8-2-CDL
:
RICARDO KIOWA GONZALES :
:

## GOVERNMENT'S RESPONSE
## TO DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and responds in opposition to Defendant's Motion for Appointment of Counsel or $2,480 For Attorneys' Fees, as received through the Clerk's Office of this Court on April 27, 2005. At the outset, the government denies the allegations that are set forth in the motion at page 2. However, even if those allegations are taken as true, for the sake of this discussion, nonetheless the motion must be denied.

This Court has no continuing jurisdiction over the Defendant. The charges against him were dismissed over two years ago. He suffers no continuing collateral consequences, arising from that dismissal, that would be sufficient to reinvoke this Court's jurisdiction. Cf. United States v. Kelley, 849 F.2d 1395 (11th Cir. 1988) (no appeal permitted from dismissal of indictment as such); Hernandez v. Wainwright, 796 F.2d 389 (11th Cir. 1986) (no habeas review where the defendant does not challenge the fact of his conviction).

Counsel understands that the Defendant is in custody now. The motion acknowledges that Defendant was convicted by military court-martial and is serving a

sentence in a military prison within another district. Counsel understands that Defendant, who was represented in part by the same private attorney who represented him in this Court, entered a guilty plea to those charges.[1] But counsel does not know whether Defendant simply waived the arguments that he seeks to raise now or whether he raised them unsuccessfully in the military proceedings, and whether Defendant's guilty plea eliminates his ability to pursue them any further in the military appellate process.

But in any event, Defendant's recourse is not a further proceeding in this court, which has no continuing jurisdiction of either the prosecution or the Defendant's person. And the mootness of any further proceeding in this Court, also moots any question of appointment of counsel. See 18 U.S.C. § 3006A(a).

---

[1] At pages 2-3 of his motion, the Defendant alleges that he faced a maximum sentence in this Court of 4 years. He is wrong. Apparently he is referring to a calculation that someone made under the federal sentencing guidelines. The maximum penalty under under 18 U.S.C. § 2423(a) was 15 years.

Accordingly, Defendant's Motion for Appointment of Counsel or $2,480 For Attorneys' Fees should be denied.

Respectfully submitted, this 27th day of April, 2005.

MAXWELL WOOD
UNITED STATES ATTORNEY

BY: *[signature]*

DEAN S. DASKAL
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 205715

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the within and foregoing

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR APPOINTMENT OF

COUNSEL upon defendant by first class mail, postage prepaid, addressed as follows:

        RICARDO KIOWA GONZALES #77558
        1300 N. WAREHOUSE ROAD
        FT. LEAVENWORTH, KS 66027

This 27th day of April, 2005.

                                  DEAN S. DASKAL
                                  ASSISTANT UNITED STATES ATTORNEY
                                  GEORGIA BAR NO. 205715

ADDRESS:

POST OFFICE BOX 2568
COLUMBUS, GA 31902
TELEPHONE: (706) 649-7700