**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| VS. | * | CASE NO. 4:02-CR-8 CDL |
| RICARDO KIOWA GONZALES, | * | |
| Petitioner. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Gonzales was indicted in this court on May 29, 2002, for allegedly transporting a juvenile across State lines in violation of 18 U.S.C. § 2423(a). On August 5, 2002, the Government moved this court to dismiss the Indictment without prejudice upon the request of the juvenile and the juvenile's family not to be subjected to the burden of trial. This court granted the Motion To Dismiss Without Prejudice by written Order on August 6, 2002, and the case has been closed since that time. There is no criminal prosecution pending in this court against Petitioner Gonzales upon which this court might act. Nonetheless, Defendant Gonzales has moved this court for the appointment of counsel or the award of $2,400.00 for attorney's fees in this case.

The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right
> . . . to have the Assistance of Counsel for his defense.

It must be noted that Petitioner Gonzales does not stand accused of any criminal offense before this court.

Title 18, United States Code, Section 3006A(a)(1)(A) provides:

> Representation shall be provided for any financially eligible person who —
> is charged with a felony or a Class A misdemeanor.

Petitioner Gonzales is not charged with any felony or Class A misdemeanor in this court, and is, therefore, neither entitled to the appointment of legal representation or funds for legal representation under 18 U.S.C. § 3006A.

Rule 44(a), Federal Rules of Criminal Procedure, provides:

> **Right to Appointed Counsel.**  A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from the initial appearance through appeal, unless the defendant waives this right.

The foregoing Rule presupposes a criminal prosecution against a person named as defendant.  There is no criminal prosecution pending before this court wherein Petitioner Gonzales is named as the party defendant.  Thus, Petitioner Gonzales has no right to appointed counsel under Rule 44.

In its response, the Government has suggested upon good authority that the dismissal of an Indictment without prejudice is not subject to appeal nor reviewable collaterally since there is no final order pursuant to 28 U.S.C. § 1291.

From the foregoing, it appears that the district court lacks jurisdiction in the absence of any pending indictment against Petitioner Gonzales to act in these premises, certainly not to appoint counsel or provide funds for counsel in the absence of a criminal prosecution.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion For Appointment Of Counsel be DENIED and DISMISSED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 5th day of May 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE