IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA

V.                                         Crim. No. 4:02-CR-8-2-CDL

RICARDO KIOWA GONZALES

OBJECTIONS TO REPORT AND RECOMMENDATION

This objection is pursuant to 28 U.S.C. section 636 (b)(1). The Defendant received the Report and Recommendation on May 13, 2005. As part of this objection, the Defendant asks the Court to include the Response to Government and Motion to Introduce Addtiional Evidence sent to the Court on May 4, 2005.

Rule 48(a) requires that the Governments' reason for a motion to dismiss be taken in good faith and that it also be true. Rule 48(a) is intended to protect a defendant from having a case dismissed with intentions and then peprosecuted all over again. US v. Greater Blouse, 228 F Supp 48, (dismissal is not for purpose of subjecting defendant to harassment by commencement of another prosecution.) After dismissal, if the TGovernment sought to prosecute again, they would and should have had to go back to the Grand Jury in Macon, Ga. The Grand Jury would most likely have once again asked for the results of the DNA test, as they did in the previous hearing. Would a Grand Jury issue an indictment when the accused;s DNA was a negative match to the male DNA found on the complainant?

In this case, the Defendant was treated differently and denied the equal protection of the law and Rule 48(a). He was prejudiced and taken advantage of due to his status as a member of the Armed Forces. The Government deliberatelyfiled the Motion to Dismiss in order to change to "an easier venue"-the Uniform Code of Military Justice. O'Callahan v. Parker, 395 U.S. 258, 266 (1969), (A civilian trial... is held in an atmosphere conducive to the protection of individual rights, while a military trial is marked by the age-old manifest destiny of retributive justice.) The complainant and the complainant's family never requested to not be subjected to the burden of a trial. If this were true, the same reason should have prohibited a court-martial. In fact, the Beckner's immediately began participating in the court-martial and werepromised by the Governmentthat this way would be easier because they could testify by telephone from the comfort of their home and that there would be no public record "back home" in Georgia or Alabama. Indeed, the AUSA and the Georgia FBI agent coached the complainant for telephone testimony atthe Article 32 military grand jury hearing and in fact participated themselves via telephone.

If the Government had given the real reason for the dismissal,
the Defendant would have been a free man as of August 6, 2002. It
appears that he has instedd been ponished and prejudiced for being
a soldier and now languished under an 11 year and 9monthfederal conviction.
Military Law Review, Spring 1985
"Civilian Court's and the Military Justice System:Collateral
Review of Courts-Martial"
-("How much... is it to be regretted that a set of men, whose
 bravery has so often preserved the liberties of their country,
 should be reduced to a state of servitude in the midst of a
 nation of freemen!")

Under the terms of the consent for dismissal of the indictment,
the Defendant "may and does reserve all objections to any future
indictments if any are returned for the same alleged misconduct."
Was a future indictment returned for the same alleged misconduct by the
same federal sovereign? YES. Legally, the Article 32 UCMJ hearing is
deemed the equivalent of a Grand Jury. Therefore, an indictment was
returned by the Government after the dismissal on August 6, 2002.
If this Court should decide that the referall of charges from the
Article 32 hearing is not considered a legal federal indictment, then the
Defendant is being held in federal custody without benefit of a Grand
Jury indictment.

Official documents state that the investigation and prosecution
from beginning to end in both the U.S. District Court and court-martial
was a "Joint Prosecution and a Joint Investigation" between the FBI,
CID, ATF, U.S. Attorney, and military authorities. Indeed, the AUSA
and FBI SA Gordon Hurley participated and testified in the military
"grand jury:" Article 32 hearing and were involved with the entire
court-martial . The AUSA and the FBI provided trial strategy, evidence,
investigative assistance, trial testimony, and deterred the Defendant
from obtaining police officer testimony from Alabama and Georgia.
The Court Martial was merely a cover for a successive federal prosecution
by the u.s. Attorney.
BLACKS LAW DICTIONARY provides:
Sham prosecution. A prosecution that seeks to circumvent a
defendant's double-jeopardy protection by appearing to be
prosecuted by another sovereignty, when it is in fact controlled
by the sovereignty that already prosecuted the defendantfor
the same crime.

Is there a criminal prosecution pending in this Court upon
which this C ourt might act? YES. This Court has jurisdiction
over all matters and business of the United States. In Schlesinger
v. Councilman, the U.s. Supreme Court held that a U.S. District Court
can step in and declare a court martial void if it determines that
the court-martial has not been brought forth in good faith. The titling
of the case holding the Defendant in custody is U.S v. Gonzales.

The Defendant is named as an accused by the United States and has
been provided a military appeals lawyer, but this lawyer is not allowed
to advocate for his client outside of the military tribunal courts.

In it's response, the Government suggests that the dismissal of an indictment without prejudice is not subject to appeal or reviewable collaterally since there is no final order. In any other case, this would be true: Why would a former Defendant want to change the status of a dismissal without final effect if he was free? In this case, on paper there is no final order pursuant to 28 U.S.C. sect. 1291, but some sort of federal final order is holding the Defendant jin confinement. At court-martial the "Government" stated that the actions of the U.S. Attorney and the FBI should not be imputed to them. Now, the same "Government" is saying that the actions of the federal military should not be imputed to them. Who is responsible? The government as a whole.

Why should this Court decide on this matter? Because two federal agencies of the Executive Branch jointly took part in two successive prosecutions. The Judicial Branch has jurisdiction through the "chekks and balances" system.

This Court has jurisdiction to review this matter before exhaustion of any military remedies because the military agencies "courts" cannot change a ruling of a United States Court. The Defendant plans to exercise Article 69 (b), which means he will withdraw from military court jurisdiction and instead seek relief from the Judge Advocate General. This will entitle him to promptly challenge allegations of legal error in the U.s.District Court. However, this Court can and bbould review this matter.
Von Hoffburg v. Alexander (515 F. 2d 633) (military exhaustion may not be required, under some precedents, if Defendant has raised substantial Constitutional questions. 'Also, U.S. v Nyhuis, (211 F 3d 1340, 11th Cir.) (law enforecement techniques that are shocking to the universal sense of justice mandated by the due process clause violate the Constitution.)

> The First Amendment to the U.S. Constitution provides:
> Congress shall make no law...abridging the freedom to petition the Government for a redress of grievances.

The Defendant stands convicted by the federal government and seeks redress for the grievance of the AUSA and the FBI violating his rights to a grand jury, double jeopardy, and due process of law.

> The Sixth Amendment to the U.S. Constitution provides:
> In all criminal prosecutions...(the) district shall have been previously ascertained by law.

The district ascertained by law was this Court's jurisdiction. The Government had a choice of venue before indictment and chose the Middle District of Georgia. Therefore, this Court should have jurisdiction jover the Defendant's grievance and request for redress from being placed in a judicial "twilight zone."

If this Court should find that it has no jurisdiction to entertain a Rule 48(a) motion, the Defendant respectfully requests that the Court give the actual Motion a change. In support of this, the Defendant submits the following:

> 1. Shortly after the conviction, the Defendant called Mr. Gil Davis, (former attorney of record in this Court, and partial attorney at court-martial) to discuss a pleading to the U.S. Court. Mr. Davis advised the Defendant that he believed such a motion had a good chance of success and that he could successfully make the arguement for it but that it would require more money than the Defendant had he could not work for free.
> 2. The attorneys at Starlite Support Services Inc. strongly believe that they can make a successful arguement for this court to grant such a motion.

The Defendant only asks for a chance to put this pleading before the Court, but needs the assistance of counsel to do so.
The reason for the 'delay' in bringing this to the attention of the court is due to the following factors:

> 1. Defendant's military counsel was not authorized to file any pleading in U.S. Court, and Mr. Davis rrequired funds that the petition or pleading would cost.
> 2. The Defendant waited twelve months for the transcripts of the court-martial to be completed and for final action on the case. It then took another four months for Starlite Support Services to complete their review of the files.

If this Court will allow, the Defendant hereby requests that if a Rule 48(a) motion is not possible that the Court appoint counsel or the $2,480 in fees so that the Defendant can submit the same grievance and instead style it as:

> 1. A Motion for a Writ of Error Coram Nobis to argue that the alleged violations of due process by the Government was an error so grave that it affected the very core of the prosecution and the resulting court-martial.
> 2. A Motion for a Nunc Pro Tunc judgement
> 3. A claim under Bivens v. Six Unknown Agents of the DEA (403 U.S. 388)

WHEREFORE, the Defendant prays that this Court grant the Motion to Appoint Counsel or $2,480 in fees or in the alternative that this court appoint Counsel or fees to assist the Defendant with compiling a Writ of Error Coram Nobis, A Bivens claim, or a Motion for a Nunc Pro Tunc Judgement.

Done this 15th Day of May, 2005

Respectfully Submitted,
Ricardo Kioaa Gonzales

—4—

# AFFIDAVIT

I hereby swear under penalty of perjury, that on May 13, 2005 I received the Report and Recommendation of the United States Magistrate Judge. On May 5, 2005 I was placed in Disciplinary Segregation for a period of (14) days, to be completed on May, 18, 2005. At the time of writing this Objection to the Recommendation for for the United States District Judge, I did not have access to the main law library. This Objection had to be completed on a standard typewriter that did not have any correction tape. For this reason the Objection dated May 15, 2005 has a few typo-errors that could not be corrected. Additionally, at the time of writing this Objection I only had two sheets of copy-typing paper. That is the reason for pages 3 and 4 being typed on the back of USDB Form 510. Additionally, a copy of this Objection was not able to be produced for the Government, if the Government is required to be served with one.

I have written this AFFIDAVIT of my own free will and of my own hand. This AFFIDAVIT was typed on May 15, 2005 and I hereby swear under penalty of perjury that all of the information contained in this AFFIDAVIT and the enclosed Objection to Recommendation is true and accurate to the best of my knowledge and belief.

RICARDO K. GONZALES
&&            77558
1300 N. Warehouse Road
Fort Leavenworth, KS 66027

I Hereby invoke the prison mailbox rule and declare under penalty of perjury in compliance with 28 U.S.C. section 1746 that I did deposit this Objection to Recommendation on May 16, 2005 with the United States Disciplinary Barracks mailroom staff and paid to have it sent first-class postage pre-paid.

RICARDO K. GONZALES