IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 4:02-CR-8-2-CDL |
| | : | |
| RICARDO KIOWA GONZALES, | : | |
| | : | |
| IN RE GRAND JURY PROCEEDINGS | : | |
| _____ | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR DISCLOSURE OF GRAND JURY RECORD

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and responds in opposition to Defendant's motion for disclosure of Grand Jury materials, as received through the Clerk's Office of this Court on July 29, 2005, without a certificate of service. Even if the factual statements in the motion are taken as true, for the sake of this discussion, nonetheless the motion should be denied.

This Court has no continuing jurisdiction over the Defendant. The charges against him were dismissed over two years ago. He suffers no continuing collateral consequences, arising from that dismissal, that would be sufficient to reinvoke this Court's jurisdiction. Cf. United States v. Kelley, 849 F.2d 1395 (11th Cir. 1988) (no appeal permitted from

dismissal of indictment as such); <u>Hernandez v. Wainwright</u>, 796 F.2d 389 (11th Cir. 1986) (no habeas review where the defendant does not challenge the fact of his conviction).

Counsel understands that the Defendant is in custody now. In a prior motion, Gonzales acknowledged that he was convicted by military court-martial and is serving a sentence in a military prison within another district. Counsel understands that Defendant, who was represented in part by the same private attorney who represented him in this Court, entered a guilty plea to those charges. And until he has exhausted his remedies in the military justice system, it is hard to imagine that Gonzales is in a position to seek some other merits relief from a federal district court.

Gonzales now seeks disclosure of a motion that was filed with the district court in December 2002, under seal, in regard to a federal Grand Jury proceeding within this district. Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), matters occurring before the Grand Jury may be disclosed to an interested person when so directed by a court preliminarily or in connection with a judicial proceeding. But disclosure is available only (1) where the material is related directly to identifiable litigation,

pending or anticipated, and (2) the party requesting the material demonstrates a compelling need for the material.  See, e.g., Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222-25, 99 S.Ct. 1667 (1979); United States v. Aisenberg, 358 F.3d 1327, 1347-48 (11th Cir. 2004).

It is not clear that Gonzales properly may pursue a judicial proceeding at this point, and, in any event, Gonzales has not shown a compelling need for the disclosure.  Gonzales has not submitted an affidavit or declaration, but his motion seems to indicate that the information that prompted the filing of his motion was part of his counsel's case-file and/or was available as part of the military court file.  Although his counsel took no action to compel this disclosure prior to the submission of Gonzales' guilty plea, Gonzales now offers the bare speculation that something in the government's motion that later was presented to a judge of this Court possibly might contradict the government's good faith in moving to dismiss the prior charges in this district without prejudice.  While Gonzales is not required to prove the contents of a document that he has not seen and now wants to see, the high standard of "compelling need" must involve more than just the exercise of the movant's imagination about something that conceivably

-3-

might be found in a Grand Jury record.

Accordingly, Defendant's motion for disclosure of this Grand Jury record should be denied.

Respectfully submitted, this 8th day of August, 2005.

        G.F. PETERMAN
        ACTING UNITED STATES ATTORNEY

BY: _____
        s/Dean S. Daskal
        Dean S. Daskal
        Assistant United States Attorney
        Post Office Box 2568
        Columbus, Georgia 31902
        Phone: (706) 649-7700
        Fax: (706) 649-7667
        Georgia Bar No. 205715

ADDRESS:

POST OFFICE BOX 2568
COLUMBUS, GA 31902
TELEPHONE: (706) 649-7700

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2004, I electronically filed the within and foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY RECORD with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None.

I also certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participants:

Ricardo Kiowa Gonzales #77558, 1300 N. Warehouse Road, Ft. Leavenworth KS 66027.

        G.F. PETERMAN
        ACTING UNITED STATES ATTORNEY

BY: _____
       s/Dean S. Daskal
       Dean S. Daskal
       Assistant United States Attorney
       Post Office Box 2568
       Columbus, Georgia 31902
       Phone: (706) 649-7700
       Fax: (706) 649-7667
       Georgia Bar No. 205715

ADDRESS:

POST OFFICE BOX 2568
COLUMBUS, GA 31902
TELEPHONE: (706) 649-7700