IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 4:02-CR-8-2-CDL |
| | : | |
| RICARDO KIOWA GONZALES | : | |
| _____ | : | |

**GOVERNMENT'S RESPONSE TO**
**TO DEFENDANT'S LATEST MOTION FOR APPOINTMENT OF COUNSEL**

COMES NOW the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and responds in opposition to Defendant's Motion to Direct Counsel of Record to Represent the Petitioner in his Effort to Pursue a Claim of Due Process Violation, as received through the Clerk's Office of this Court on November 14, 2005. The government opposes the motion, which is nothing more than Gonzales' effort to seek reconsideration of this Court's denial of his original motion, while an appeal is pending from the original denial.

In his report and recommendation of May 5, 2005, Judge Faircloth opined that in the absence of any pending charge in this venue, the Court had no jurisdiction to appoint counsel or provide funds for counsel on Gonzales' behalf. On September 20, 2005, this Court approved, adopted, and made Judge Faircloth's report and recommendation the Order of the Court. On September 27, 2005, Gonzales served a notice of appeal to the Court of Appeals from that ruling.

In his latest motion, Gonzales disagrees with the authority that was cited by the government and adopted by this Court. This argument amounts to nothing more than an untimely motion for reconsideration, even while an appeal is pending from the order

in question. Gonzales further suggests that his defense counsel, formerly of record, could be directed to assist Gonzales without expense to the government. However, the Court has no jurisdiction over counsel either, given that his appearance and his role in the underlying proceeding was terminated over 3 years ago.

Gonzales filed a notice of appeal and thereby divested this Court of jurisdiction to address anew whether counsel should be appointed to represent him. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59, 103 S.Ct. 400, 402 (1982); Shewchun v. United States, 797 F.2d 941 (11th Cir. 1986). And, in any event, the Court has no authority to consider an untimely motion to reconsider its prior judgment denying appointment of counsel. Accordingly, the motion should be denied.

Respectfully submitted, this 14th day of November, 2005.

                G.F. PETERMAN III
                ACTING UNITED STATES ATTORNEY

BY:
                s/Dean S. Daskal
                Dean S. Daskal
                Assistant United States Attorney
                Post Office Box 2568
                Columbus, Georgia 31902
                Phone: (706) 649-7700
                Fax: (706) 649-7667

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2005, I electronically filed the within and foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S LATEST MOTION FOR APPOINTMENT OF COUNSEL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None.

I also certify that I have mailed by the United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants: Ricardo K. Gonzales #77558, 1300 N. Warehouse Road, Ft. Leavenworth KS 66027.

        G.F. PETERMAN III
        ACTING UNITED STATES ATTORNEY

BY:
        s/Dean S. Daskal
        Dean S. Daskal
        Assistant United States Attorney
        Post Office Box 2568
        Columbus, Georgia 31902
        Phone: (706) 649-7700
        Fax: (706) 649-7667